**K & M CONTRACTING, INC., Appellant,**

v.

**CITIZENS NATIONAL BANK, Appellee.**

[Cite as *K & M Contracting, Inc. v. Citizens Natl. Bank* (1992), 89 Ohio App.3d 157.]

Court of Appeals of Ohio,
Allen County.

No. 1–92–3.

Decided Aug. 11, 1992.

*William B. Balyeat,* for appellant.

*Charles W. Weasel,* for appellee.

HADLEY, Presiding Judge.

Plaintiff-appellant, K & M Contracting, Inc., appeals from a judgment entry in the Allen County Court of Common Pleas granting summary judgment for defendant-appellee, Citizens National Bank ("bank").

In April 1988, appellant opened a checking account at appellee bank. The signature card issued by appellee to appellant reflected that only one of two signatures was required for withdrawal, Sheri Mowery or Kevin Everhardt. Also in April 1988, the "Corporate Resolutions Authorizing Bank Account" was signed. This agreement permitted Mowery or Everhardt to "make, sign, endorse, accept, execute and deliver any and all checks * * * of [appellee]."

Mowery served as office manager and secretary for appellant. Over an eighteen- to twenty-four-month period, Mowery served as the maker of approxi-

mately one-hundred-eighteen checks which named Everhardt as the payee. Rather than Everhardt endorsing these one-hundred-eighteen checks in question, Mowery endorsed Everhardt's name while still an employee of appellant. Appellee withdrew the amounts on these checks from appellant's account. There is no allegation that either appellee or Everhardt personally received any benefit or interest from these checks in question.

The trial court granted appellee's motion for summary judgment. It is from this judgment that appellant asserts two assignments of error. Appellant argues these two assignments collectively and they will be addressed collectively.

## Assignment of Error No. 1

"The trial court erred in granting defendant's motion for summary judgment for the reason that the pertinent sections of the Revised Code at issue in this case conflict in their interpretation."

## Assignment of Error No. 2

"The trial court erred in granting summary judgment to the defendant because the defendant did not conform to general banking industry standards in not properly paying on the forged instrument."

Essentially, appellant argues that the trial court improperly granted appellee's motion for summary judgment because it did not consider R.C. 1304.03, which states that a bank cannot disclaim its duty to exercise good faith and ordinary care. However, we find the issue of appellee's negligence to be irrelevant. R.C. 1303.41(A)(3) and *Ed Stinn Chevrolet, Inc. v. Natl. City Bank* (1986), 28 Ohio St.3d 221, 28 OBR 305, 503 N.E.2d 524, make it clear that the judgment of the trial court be affirmed.

*Ed Stinn, supra,* presented an analysis of Ohio's adoption of the Uniform Commercial Code as it pertains to the factual scenarios involving forged endorsements and forged drawers' signatures. Our discussion is confined to forged endorsements, as Mowery drew the checks under her own name, which she had permission to do. Generally, if a check contains a forged endorsement, it is not "properly payable," pursuant to R.C. 1304.24, and if paid, the drawee bank is generally liable to its customer. *Id.* at 227, 28 OBR at 310, 503 N.E.2d at 531. However, there are two exceptions to the above stated rule. *Id.* Relevant to the approximately one-hundred-eighteen checks involved herein, the application of R.C. 1303.41 is one exception to the "properly payable" rule. *Id.*

R.C. 1303.41 states in pertinent part:

"(A) An indorsement by any person in the name of a named payee is effective if:

" * * *

"(3) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest."

This exception has also been called the nominal payee rule and is intended to apply to fact situations " * * * where the maker or the drawer executes the instrument naming the nominal payee in reliance on his agent's or employee's having furnished him with the name of the payee, and the intention of the agent or employee was that the payee should not have any interest in the instrument.

" * * *

"When an employee prepares checks payable to apparent creditors of the drawer but such persons are in fact not owed any money and the employee intends to forge their signatures, the situation comes within UCC § 3–405(1)(c) [Ohio's R.C. 1303.41(A)(3) ]. [Footnote omitted.]" 6 Anderson, Uniform Commercial Code (3 Ed.1984) 178, Section 3–405:26.

The reasons for requiring the employer to suffer the loss from this transaction is stated in the Official Comment to R.C. 1303.41, which states:

"4. * * * The principal followed is that the loss should fall upon the employer as a risk of his business enterprise rather than upon the subsequent holder or drawee. The reasons are that the employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees, or, if he is not, is at least in a better position to cover the loss by fidelity insurance; and that the cost of such insurance is properly an expense of his business rather than of the business of the holder or drawee."

■ We agree with the trial court's application of R.C. 1303.41(A)(3) to the facts *sub judice.* The employee, Mowery, made checks payable to an apparent creditor, Everhardt, and intended and did forge such payee's endorsement, and further intended that the payee, Everhardt, receive no interest in such checks.

■ Although appellant argues that the bank was negligent because the approximately one-hundred-eighteen checks were not properly payable, the fact that R.C. 1303.41 applies acts as a complete defense to appellant's argument of negligence. *Hinkle v. Cornwell Quality Tool Co.* (1987), 40 Ohio App.3d 162, 172–173, 532 N.E.2d 772, 781–782; see, also, *Ed Stinn, supra;* 6 Anderson,

Uniform Commercial Code at Section 3–405:15.[1]

For the above stated reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.

---

1. Although appellant argues that *Master Chemical Corp. v. Inkrott* (1990), 55 Ohio St.3d 23, 563 N.E.2d 26, applies, that case did not involve any issues concerning R.C. 1303.41 and was factually different. Further, any issue of fiduciary law cannot be considered by this court, as that issue was not raised by appellant at the trial court and is deemed to be waived. See *First Fed. S. & L. Assn. v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 144, 567 N.E.2d 298, 305.